UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MBIA INSURANCE CORPORATION,

              Plaintiff,

          - against -                13 Civ. 0262 (JSR)

FLAGSTAR ABS, LLC; FLAGSTAR BANK,
FSB; and FLAGSTAR CAPITAL MARKETS
CORPORATION,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFF MBIA INSURANCE CORPORATION'S
REPLY MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

PATTERSON BELKNAP WEBB & TYLER LLP
Erik Haas (ehaas@pbwt.com)
Nicolas Commandeur (ncommandeur@pbwt.com)
David Slarskey (dnslarskey@pbwt.com)
Cecilia Connor (cbconnor@pbwt.com)
1133 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 336-2000
Fax:  (212) 336-2222

*Attorneys for MBIA Insurance Corporation*

6081252

TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ...........................................................................................................2

I.    PRECLUSION IS WARRANTED ON THE "MATERIAL AND
      ADVERSE" STANDARD AND LOSS CAUSATION ....................................2

II.   PRECLUSION IS WARRANTED ON THE NOTICE REQUIREMENT ...................6

III.  PRECLUSION IS WARRANTED ON DEFENSES BASED UPON
      THIRD-PARTY DISCLOSURES OR MBIA'S LOSS MODELING .....................6

IV.   PRECLUSION IS WARRANTED ON SAMPLING AS PROOF ...........................7

V.    PRECLUSION IS WARRANTED ON THE COURT'S WORK
      PRODUCT RULING...........................................................................8

VI.   MBIA HAS PROPERLY SOUGHT SUMMARY JUDGMENT ...........................10

CONCLUSION.........................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen v. McCurry,*
    449 U.S. 90 (1980)............................................................2, 4, 7, 10

*Ambac Assurance Corp. v. DLJ Mortg. Capital Inc.,*
    92 A.D.3d 451 (1st Dep't 2012) .............................................9

*Assured Guar. Mun. Corp. v. Flagstar Bank, FSB,*
    2013 U.S. Dist. LEXIS 16682 (S.D.N.Y. Feb. 6, 2013)...................3, 6, 8

*Berlitz Schools of Languages of Am., Inc. v. Everest House,*
    619 F.2d 211 (2d Cir. 1980)..................................................5

*Burgos v. Hopkins,*
    14 F.3d 787 (2d Cir. 1994)...................................................5

*Chairnoff v. Nat'l Westminster Bank, N.A.,*
    309 F. Supp. 2d 581 (S.D.N.Y. 2004)....................................4, 5

*Copyright.net Music Publ'g LLC v. MP3.com,*
    256 F. Supp. 2d 214 (S.D.N.Y. 2003)........................................7

*MBIA Ins. Corp. v. Countrywide Home Loans, Inc.,*
    30 Misc. 3d 1201(A) (N.Y. Sup. Ct. 2010)..................................8

*MBIA Insurance Corp. v. Countrywide Home Loans, Inc.,*
    2013 N.Y. App. Div. LEXIS 2107 (1st Dep't Apr. 2, 2013)...................3

*Parklane Hosiery Co. v. Shore,*
    439 U.S. 322 (1979).........................................................2

*Syncora Guarantee Inc. v. EMC Mortg. Corp.,*
    2011 U.S. Dist. LEXIS 31305 (S.D.N.Y. Mar. 25, 2011) .....................8

*Syncora Guarantee Inc. v. EMC Mortg. Corp.,*
    874 F. Supp. 2d 328 (S.D.N.Y. 2012)....................................3, 5

*Wells Fargo Bank, N.A. v. Bank of America, N.A.,*
    2013 U.S. Dist. LEXIS 44955 (S.D.N.Y. Mar. 28, 2013) ....................3

MBIA respectfully submits this Reply Memorandum of Law in Further Support of Its Motion for Summary Judgment.[1]

## PRELIMINARY STATEMENT

Flagstar brazenly asserts that this Court should ignore that Flagstar has just fully litigated issues in *Assured* that are identical to those at issue in this action. Flagstar goes so far as to reject the Court's directive ***in this case***[2] that the breach of Loan Warranty claims, like those in *Assured*, will be litigated on a sampling basis. (Opp'n. Br. at 20.[3])  Flagstar cannot avoid the effect of the Court's prior rulings simply by changing counsel, and it is not entitled to waste the Court's or MBIA's time and resources by recycling arguments already litigated and rejected.

With no legitimate rejoinder to the requested relief, Flagstar opens its opposition with the specious suggestion that MBIA's claims are opportunistic, having been brought after the trial in *Assured*.  (Opp'n. Br. at 1, 12.)  Suffice it to state that Flagstar's innuendo, like its opposition, is belied by the record.  Flagstar admits that MBIA provided notice of breaches in thousands of loans as early as September 2010, and agreed to defer suit ***eight*** times in an effort to settle this matter.[4]  Moreover, MBIA brought suit ***before*** this Court rendered its decision in *Assured*.  Flagstar's rhetoric, like its substantive positions, lacks merit.

---

[1]   Capitalized terms defined herein have the meaning ascribed in the Complaint.

[2]   *See* Declaration of Erik Haas, ECF No. 29 ("Haas Decl."), Ex. 25, Tr. of Mar. 12, 2013 Proceedings at 4:1-3.

[3]   Defs.' Mem. in Opp'n. to Pl. Mot. for Partial Summ. J., ECF No. 31 ("Opp'n. Br.").

[4]   Defs.' Resp. to Pl.'s Statement of Undisputed Material Facts, ECF No. 32, ("Defs.' Resp. to Pl.'s 56.1") ¶ 26 and Exs. N, O to Decl. of Jennifer Conn, ECF No. 26.

## ARGUMENT

The United States Supreme Court has ruled that "once a court has decided an issue of **fact or law** necessary to its judgment, that decision may **preclude relitigation** of the issue **in a suit on a different cause of action involving a party to the first case**." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added). The effect of collateral estoppel is to "reduce unnecessary litigation and foster reliance on adjudication." *Id.* at 95-96. MBIA seeks this precise relief for that very reason.

Ignoring *Allen*, Flagstar asserts that the Supreme Court "specifically warned" against the use of offensive collateral estoppel on the basis that the doctrine "does not promote judicial economy." (Opp'n. Br. at 11 (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329-31 (1979).) But the Court in *Parklane* ultimately **rejected** that challenge, holding that there is "broad discretion" to apply the doctrine when there is no "unfairness" to the result, and a party has previously had "a 'full and fair' opportunity to litigate [its] claims." *Id.* at 331-33. This case presents the very considerations the doctrine is designed to address.

## I.    PRECLUSION IS WARRANTED ON THE "MATERIAL AND ADVERSE" STANDARD AND LOSS CAUSATION

Flagstar blatantly misrepresents recent appellate court precedent and references wholly irrelevant provisions of the parties' agreements in a baseless attempt to re-litigate the now settled interpretation of the Repurchase Protocols.

As Flagstar concedes, "[b]oth the transaction documents in *Assured* and the MBIA Transaction Documents" require repurchase of loans that "materially and adversely" breach the Loan Warranties. (Opp'n. Br. at 14.) This concession is dispositive. Under materially identical provisions, this Court ruled in *Assured* that a

"plaintiff must only show that [Flagstar's] breaches [of the representations and warranties] materially increased its ***risk of loss***," and that "it is irrelevant to the Court's determination of material breach what Flagstar believes ultimately caused the loans to default." *Assured Guar. Mun. Corp. v. Flagstar Bank, FSB*, 2013 U.S. Dist. LEXIS 16682, at *100, *106 (S.D.N.Y. Feb. 6, 2013) ("*Assured* II") (citation omitted).  (*See* Opp'n. Br. at 7, 14-16.)  This ruling has been repeatedly and recently affirmed.

In *MBIA Insurance Corp. v. Countrywide Home Loans, Inc.*, 2013 N.Y. App. Div. LEXIS 2107 (1st Dep't Apr. 2, 2013) ("*Countrywide*"), for example, the Appellate Division expressly embraced this Court's reasoning in *Assured*, holding that an insurer (i) "is entitled to a finding that the loan need not be in default to trigger defendants' obligation to repurchase it," and (ii) may obtain "recovery of payments made pursuant to an insurance policy without resort to rescission." *Id.* at *3, *4. *Accord Syncora Guarantee Inc. v. EMC Mortg. Corp.*, 874 F. Supp. 2d 328, 337 (S.D.N.Y. 2012); *Wells Fargo Bank, N.A. v. Bank of America, N.A.*, 2013 U.S. Dist. LEXIS 44955, at *36 (S.D.N.Y. Mar. 28, 2013).

Flagstar misleadingly asserts that *Countrywide* supports the denial of collateral estoppel by recognizing "that it may not be 'actually possible' for MBIA to prove that a performing loan 'materially and adversely' affected its interests."  (Opp'n. Br. at 17.)  *Countrywide* stands for the inverse proposition.  The Appellate Division specifically held that whether MBIA eventually proves that any particular breach "materially and adversely" affects its interest "is irrelevant to plaintiff's summary judgment motion" under the governing standard.  *Countrywide* at *4.  The governing standard established by *Countrywide*, which Flagstar wholly ignores, is that a "loan

-3-

need not be in default to trigger defendants' obligation to repurchase it." [5]  *Id.*  Having

cited favorably to this Court's ruling in *Assured* in rendering that decision, *supra*, the

*Countrywide* decision thus wholly supports a finding of issue preclusion.

Flagstar finds only two minor factual differences between the *Assured*

documents and the Transaction Documents here, (*see* Opp'n. Br. at 6), neither of which

affects the conclusion on this issue.  *See Chairnoff v. Nat'l Westminster Bank, N.A.*, 309

F. Supp. 2d 581, 583 (S.D.N.Y. 2004) (granting preclusion when differences in facts

were "ultimately immaterial").  First, Flagstar restates an argument from its dismissal

motion, that the reimbursement provisions of the Insurance Agreements restrict

reimbursement payments to claims "arising as a result of [Flagstar's] failure to

repurchase any Mortgage Loan..."  (Opp'n. Br. at 6, 15.)  As MBIA explained in

opposition to Flagstar's motion to dismiss, the reimbursement clause of the Insurance

Agreement does not limit MBIA's rights under the Repurchase Protocols.  (*See* Pl.'s

Mem. in Opp'n. to Defs.'  Mot. to Dismiss, ECF No. 35 at 13-14.)  Moreover, the plain

reading of the reimbursement provision does not address or vary the causal standard

that MBIA intends to satisfy with its repurchase claim.  (*Id.*).

The second difference Flagstar notes are purported "conditions" on

Flagstar's repurchase obligation from the 2007-1 Trust stemming from REMIC-related

provisions.  (*See* Opp'n. Br. at 6.)  Flagstar does not explain why this difference is

material.  It is not.  The provision, dealing with repurchases of mortgage loans "that

---

[5]   Flagstar also misstates the law to argue that issue preclusion does not apply to
     questions of law, such as causation.  (Opp'n. Br. 17.)  The Supreme Court clearly
     held in *Allen v. McCurry*, 449 U.S. 90, 94 (1980) that the doctrine applies to issues
     of "fact or law."  In any event, Flagstar's distinction is without significance.  The
     causation standard applicable to the Repurchase Protocol is an issue of fact ***and*** law.

-4-

[are] not in default or as to which default is not imminent," only furthers the conclusion that Flagstar must repurchase performing loans as well as defaulted ones. *See Syncora Guarantee Inc. v. EMC Mortg. Corp.*, 874 F. Supp. 2d 328, 335-38 (S.D.N.Y. 2012) (holding a similar provision confirms "a repurchase remedy for defective loans that are not yet in default.") Accordingly, the REMIC provisions cited only reinforce the Court's interpretation of the material and adverse standard under the Repurchase Protocol. *Id.*

There is thus no genuine dispute that the relevant contractual provisions in *Assured* and here are materially identical. The immaterial or irrelevant distinctions Flagstar contrives cannot defeat preclusion. *See, e.g.*, *Berlitz Schools of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 214 (2d Cir. 1980) (noting differences "so insubstantial that the doctrines of judicial finality were aptly applied"); *Chairnoff*, 309 F. Supp. 2d at 582 (precluding re-litigation on contracts that were "materially identical," notwithstanding several differences). Were the two cases identical in all respects, MBIA would be seeking claim preclusion (res judicata) not issue preclusion (collateral estoppel). *See Burgos v. Hopkins*, 14 F.3d 787, 789-90 (2d Cir. 1994) (citing *Allen* and distinguishing issue preclusion from claim preclusion). The question is not whether there are differences between the cases. It is whether there is identity in the issues raised. Between the two cases, facts, and rulings at issue here, there is complete identity.[6]

In sum, Flagstar is precluded from re-litigating the ruling that repurchase

---

[6] Flagstar's assertions concerning characteristics of the loan collateral or the Transactions simply ***do not matter*** to the issues here. (*See* "Statement of Additional Material Facts," ECF No. 32, 56.1 ¶¶ 2-28.) They are irrelevant, even if true.

-5-

is required for breaches that increased MBIA's risk of loss, without regard to what caused the loans to default, or the need for MBIA to prove loss causation on any particular loan. *See Assured II*, 2013 U.S. Dist. LEXIS 16682, at \*100.

## II.     PRECLUSION IS WARRANTED ON THE NOTICE REQUIREMENT

Flagstar does not genuinely dispute that the notice provisions requiring repurchase of breaching loans are materially identical in the Assured documents and in the Transaction Documents here.  (*See* Defs.' Resp. to Pl.'s 56.1 ¶¶ 21-23.)  Thus, Flagstar should be precluded from re-litigating here—as was rejected in *Assured*—"that only actual awareness of material and adverse breaches" triggers its repurchase requirements.  The requisite notice may be provided ***either*** by means of MBIA's repurchase demands,[7] ***or*** by MBIA's "proof at trial."  *Assured II*, 2013 U.S. Dist. LEXIS 16682, at \*110-11.  (*See also* Pl.'s Mem. in Supp. of Partial Summ. J., ECF No. 28 ("Pl. Br.") at 17-18.)

## III.    PRECLUSION IS WARRANTED ON DEFENSES BASED UPON THIRD-PARTY DISCLOSURES OR MBIA'S LOSS MODELING

Flagstar's concessions establish it is not entitled to re-litigate or take discovery concerning issues that the Court determined were "irrelevant" to Flagstar's defenses in *Assured*, specifically (i) the pre-transactional loan file re-underwriting performed by third-parties; and (ii) MBIA's loss-modeling for the Transactions.  (*See* Pl. Br. at 18-21.)  Flagstar admits that these defenses were fully and fairly litigated in

---

[7]   Flagstar ***admits*** that in September 2010 "MBIA notified Flagstar that it had discovered breaches of representations and warranties on 762 loans from the 2006-1 Transaction and 1601 loans from the 2007-1 Transaction."  (Defs.' Resp. to Pl.'s 56.1 ¶ 26.)

6081252

*Assured.*  (Opp'n. Br. at 21-22.)[8]  That ends the inquiry.

Contrary to Flagstar's contention, it may not re-litigate these defenses based on its summary assertion that "the determination of these issues could not have been necessary to support a valid and final judgment on the merits."  (*Id.* at 22) (internal quotation marks omitted).  What Flagstar disregards is that the Court's rejection of its *defenses* is equally dispositive as its resolution of affirmative *claims*.  Issue preclusion applies equally to both.  *See*, *e.g.*, *Copyright.net Music Publ'g LLC v. MP3.com*, 256 F. Supp. 2d 214, 218 (S.D.N.Y. 2003) (Rakoff, J.) (estopping party from re-litigating defenses).  Had Flagstar prevailed on its defenses, judgment would not have issued.  But Flagstar lost those issues, on materially identical facts, and it cannot re-litigate them in search of a different adjudication.

## IV.    PRECLUSION IS WARRANTED ON SAMPLING AS PROOF

Flagstar simply chooses to disregard this Court's prior ruling regarding the propriety of using a sampling methodology to litigate the claims at issue, and more remarkably, ignores this Court's clear directive at the initial conference that this matter is to be tried in the same manner.[9]  (*See supra* n.2.)  In Flagstar's words, "***Defendants***

---

[8]   Flagstar admits it was allowed "extensive discovery" on Assured's loss modeling practices before the Court ruled that the subject was irrelevant to whether Flagstar's misrepresentations caused an increase in the risk of loss on the loans.  (Opp'n. Br. at 22.)  Preventing such extensive discovery on irrelevant subjects is one reason why MBIA's request should be granted.  Moreover, contrary to Flagstar's argument that discovery issues are not properly presented here, (*id.*), the Court invited MBIA to "address" these issues "in [its] motion papers," recognizing the reality that preclusion would impact discovery.  (Haas Decl., Ex. 25, Tr. at 15:5-9.)

[9]   To narrow the issues for trial, MBIA initially proposed that the parties stipulate to the numerous issues raised and resolved in *Assured*.  Flagstar refused, with minor exception.  (Pl. Br. at 10-12.)  MBIA thus made this motion, focusing on five material issues that will significantly impact all aspects of the case.  MBIA also

***do not agree—and have never conceded—that sampling is an appropriate method of
proof in this case***." (Opp'n. Br. at 20) (emphasis added). Flagstar's extreme position
is barred by the issue preclusion doctrine. (*See* Pl. Br. at 2-3 (*citing Assured II*, 2013
U.S. Dist. LEXIS 16682, at *109).) It also is fundamentally unreasonable. (*See
Syncora Guarantee Inc. v. EMC Mortg. Corp.*, 2011 U.S. Dist. LEXIS 31305, at *18
n.4, (S.D.N.Y. Mar. 25, 2011) ("EMC cannot reasonably expect the Court to examine
each of the 9,871 [loan] transactions to determine whether there has been a breach...")

   While MBIA will, of course, need to present a statistically valid
representative sample, an appropriate order is warranted to preclude Flagstar from
challenging sampling as an appropriate method of proof as to (i) Flagstar's liability for
Loan Warranty breaches and (ii) MBIA's repurchase damages. *See Assured II*, 2013
U.S. Dist LEXIS 16682, at *108 (liability), *113 (damages); *MBIA Ins. Corp. v.
Countrywide Home Loans, Inc.*, 30 Misc. 3d 1201 (A) at 15 (N.Y. Sup. Ct. Dec. 22,
2010) (Issues regarding sampling "will be decided by the trier of fact as pertaining to
the weight, rather than the acceptability, of the evidence.")

## V. PRECLUSION IS WARRANTED ON THE COURT'S WORK PRODUCT RULING

   Flagstar relies on a state trial court decision that was ***reversed*** on appeal
to argue that this Court should disregard its prior rulings regarding the attorney work
product and privilege protection afforded to re-underwriting analysis done in

---

expressly stated that Flagstar is precluded from re-litigating the sampling and work
product issues but did not devote argument to the point because MBIA believed the
Court made its views clear at the March 12 conference. (Pl. Br. at 2.) In opposition,
however, Flagstar argues that it is not bound by the Court's prior rulings on these
issues. (*See* Opp'n. Br. at 19-20, 23-24.) Thus, MBIA replies here.

6081252

anticipation of litigation.  Specifically, this Court ruled in *Assured* that (i) an insurer's

re-underwriting of loans in anticipation of litigation and performed at the direction of

counsel is protected attorney work product, privileged from disclosure, and (ii) neither

the disclosure of the final report of investigation, nor the pleading of allegations based

upon that final report, constitutes a waiver of that protection.  *Assured*, No. 11 Civ 2375

(JSR) (S.D.N.Y. Nov. 15, 2011), ECF No. 59 at 1-2.

Flagstar contends it is not bound by the Court's decision, and that it was

wrongly decided.  (*See* Opp'n. Br. at 23-24 n.15 (*citing Ambac Assurance Corp. v. DLJ

Mortg. Capital, Inc.*, No. 600070/2010 (N.Y. Sup. Ct. June 3, 2011).)  But Flagstar

neglects to mention the appellate authority reversing the precedent on which it relies,

which affirms this Court's reasoning. *See Ambac v. DLJ*, 92 A.D.3d 451, 452 (1st Dep't

2012) (reversing the trial court, and holding that "plaintiffs did not waive privilege"

based on allegations in the complaint.)   Flagstar also ignores the numerous other

decisions that confirm this Court's reasoning and holding.  *See, e.g., Syncora

Guarantee Inc. v. EMC Mortg. Corp.*, 09 Civ. 3106 (S.D.N.Y. Mar. 2, 2012), ECF No.

121, Order ¶ 7; *MBIA Ins. Corp. v. Residential Funding Co., LLC.*, No. 603552/08

(N.Y. Sup. Ct. Nov. 30, 2011), ECF No. 254 at 13-23; *MBIA Ins. Corp. v. Countrywide

Home Loans, Inc.*, No. 602825/08 (N.Y. Sup. Ct. Jan. 28, 2011), ECF No. 321 at 11-17

(opinions attached as Appendix 1.)

The re-underwriting analysis alleged in the *Assured* complaint, that was

the subject of the Court's prior rulings, is the same as that MBIA alleged in its

Complaint.  Flagstar is not entitled to re-litigate—and MBIA is entitled to—the Court's

two prior attorney work product and privilege rulings, *supra*.

-9-

6081252

## VI.    MBIA HAS PROPERLY SOUGHT SUMMARY JUDGMENT

Finally, Flagstar argues that issue preclusion "does not apply to questions of law," but challenges whether, alternately, partial judgment should issue as a matter of law.  (Opp'n. Br. at 17, 24-25.)  The Court should reject Flagstar's procedural fencing.  First, issue preclusion may apply to issues of "fact *or* law."  *Allen*, 449 U.S. at 94.  Moreover, as Judge Crotty recognized in *Syncora v. EMC*, an early motion for partial judgment is warranted on these issues to "dictate how we will proceed from here."  (*See Syncora Guarantee Inc. v. EMC Mortg. Corp.*, 09 Civ. 3106 (S.D.N.Y), May 25, 2010 Tr. at 9:7-8, 30:7-10 (Appendix 2).)  Either the issues were already litigated and determined in *Assured* (warranting collateral estoppel), or partial judgment should issue, based upon the undisputed contractual provisions.

### CONCLUSION

For the foregoing reasons, MBIA's motion for partial summary judgment should be granted.

Dated:  New York, New York
       April 16, 2013

PATTERSON BELKNAP WEBB & TYLER LLP

By:  /s/ Erik Haas

_____
Erik Haas (ehaas@pbwt.com)
Nicolas Commandeur (ncommandeur@pbwt.com)
David Slarskey (dnslarskey@pbwt.com)
Cecilia Connor (cbconnor@pbwt.com)
1133 Avenue of the Americas
New York, New York 10036
*Attorneys for MBIA Insurance Corporation*

-10-